

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 681 | **DATE** | 1/7/2003 |
| **CASE TITLE** | Catheen M. Rowell et al. Vs. Voortman Cookies, etc. et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ■ Status hearing held and continued to 1/28/2003 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. Counts III and X are dismissed without prejudice. Count XIII is dismissed with prejudice. Defendants' motion to strike is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 08 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

03 JAN -7 PM 4:14

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAN 8 2003 DOCKETED

CATHLEEN M. ROWELL, *et al.*,  )
                         )
       Plaintiffs,           )
                         )    No. 02 C 0681
    v.                     )
                         )    Judge John W. Darrah
VOORTMAN COOKIES, LIMITED, a Canadian  )
Corporation; and HARRY VOORTMAN,  )
Individually,  )
                         )
       Defendants.        )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and a class of similarly situated individuals, filed a fourteen-count complaint against Defendants, Voortman Cookies, Limited ("Voortman") and Harry Voortman ("H. Voortman"), alleging that the Defendants breached an exclusive distributorship agreement. In August 2002, this Court dismissed Counts III, V, X, XI, and XIV without prejudice and dismissed Count XIII with prejudice. Plaintiffs filed a fourteen-count Second Amended Complaint; and Defendants, once again, move to strike and dismiss this amended complaint.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff generally need not plead facts or the elements of a claim. Instead, a plaintiff need only plead the bare minimum



facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz v. Sorema,* 122 S.Ct. 992, 996 (2002) *(Sorema); Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002) *(Higgs).*

The alleged conduct of the parties is set forth in the previous Order and need not be repeated here.

1. Count I - Violation of the Illinois Sales Representative Act

This Court previously found that Plaintiffs adequately plead Count I. Defendants seek to have Count I dismissed for the same reasons previously rejected by this Court. In essence, Defendants seek to have the Court reconsider its previous ruling.

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.,* 18 F. Supp. 2d 841, 844 (N.D. Ill. 1998).

Here, Defendants simply rehash arguments already rejected by this Court; accordingly, Defendants' Motion to Dismiss Count I is denied.

2. Count II - Procuring Cause Claim

This Court previously found that Plaintiffs adequately pled Count II. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count II is denied.

3. Count III - "Maintaining/Expanding Territories" Claim

Plaintiffs allege that they refrained from selling products competing with Voortman products, maintained facilities to promote the sale of Voortman products, and incurred expenses to maintain and expand their territories. As a result of the termination of the program, Plaintiffs will lose the monies expended by them to engage in these actions.

Count III was previously dismissed without prejudice because Plaintiffs did not identify any specific cause of action under either federal or Illinois law upon which Count III was based. In the Second Amended Complaint, Plaintiffs quote several cases in an attempt to address the Court's previous dismissal of the Count. However, while Plaintiffs allege that the quoted case law sets forth a cause of action, Plaintiffs still fail to clearly set forth what cause of action form the basis of Plaintiffs' Amended Complaint. Nor can such an inference be made merely through the citation of case law. Accordingly, the allegations in Count III fail to adequately place the Defendants on notice of the claim against them and is dismissed without prejudice.

4. Count IV - Interference with Prospective Economic Advantage

This Court previously found that Plaintiffs adequately pled Count IV. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count

IV is denied.

5. Count V - "Future Lost Profits"

Plaintiffs claim that the illegal termination of the program prevented them from continuing to operate their exclusive territories in a manner that permitted them to earn the commissions they were entitled to earn under the program. The termination of the program, *i.e.*, the breach of contract, prevented the Plaintiffs from earning lost profits.

Defendants argue that Count V should be dismissed because it seeks damages but does not state a cause of action for such damages. A reading of Count V, as amended, shows that Plaintiffs seek lost profits based on the alleged breach of contract. Accordingly, Count V sufficiently puts the Defendants on notice of the claim against them; and Defendants' Motion to Dismiss Count V is denied.

VI. Count VI - Breach of Implied Contract

This Court previously found that Plaintiffs adequately pled Count VI. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count VI is denied.

7. Count VII - *Quantum Meruit* Claim

This Court previously found that Plaintiffs adequately pled Count VII. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count VII is denied.

8. Count VIII - Antitrust Claim

This Court previously found that Plaintiffs adequately pled Count VIII. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count

VIII is denied.

9. Count IX - Restraint on Alienation

This Court previously found that Plaintiffs adequately pled Count IX. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count IX is denied.

10. Count X - Piercing the Corporate Veil - Interference with Prospective Economic Advantage

Plaintiffs allege that H. Voortman's conduct interfered with the Plaintiffs' economic advantage. The alleged conduct set forth in Count X is duplicative of the alleged conduct set forth in the general facts of the Second Amended Complaint and Count IV of the Second Amended Complaint, which names both Defendants. Therefore, Count X appears to be duplicative and is dismissed without prejudice.

11. Count XI - "Tort of Outrage"

In Count XI, Plaintiffs allege that Defendants' conduct left the Plaintiffs "personally and emotionally devastated" and, through such misconduct, inflicted the "tort of outrage". Defendants argue that Illinois does not recognize the tort of outrage.

In Illinois, the tort of outrage is otherwise commonly known as the tort of intentional infliction of emotional distress. *See Smith v. Metropolitan Life Ins. Co.*, 550 F. Supp. 896, 900 (N.D. Ill. 1982). In order to sustain a claim of intentional infliction of emotional distress, a plaintiff must establish: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct would cause severe emotional distress or knew that high probability existed that his conduct would cause severe emotional distress; and (3) the defendant's conduct actually caused severe emotional distress to the plaintiff. *See Doe v.*

*Calumet City*, 161 Ill.2d 374, 392, 641 N.E.2d 498, 506 (1994).

In Count XI, Plaintiffs allege that all of the afore-described misconduct caused great upheavals in the Plaintiffs' lives and left the Plaintiffs personally and emotionally devastated. The Plaintiffs allege that the afore-mentioned misconduct was extreme and outrageous and that the Defendants either intended to cause severe emotional distress or knew that a high probability existed that their conduct would cause severe emotional distress. Accordingly, at this stage of litigation, Plaintiffs have sufficiently pled Count XI; and Defendants' Motion to Dismiss Count XI is denied.

12. Count XII - Promissory Estoppel

This Court previously found that Plaintiffs adequately pled Count XII. Defendants again rehash their previously rejected arguments. Accordingly, Defendants' Motion to Dismiss Count XII is denied.

13. Count XIII - Breach of Covenant of Good Faith and Fair Dealing

Plaintiffs allege that the Defendants' conduct breached the covenant of good faith and fair dealing. Under Illinois law, "the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract." *Baxter Healthcare Corp. v. O.R. Concepts, Inc.*, 69 F.3d 785, 792 (7th Cir.1995) (interpreting Illinois law). A party cannot bring a separate cause of action on the basis of a breach of covenant of good faith and fair dealing. *See Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Products, Inc.*, 212 F.3d 373, 381 (7th Cir. 2000). Accordingly, Count XIII is dismissed with prejudice.

14. Count XIV - Racketeer Influence and Corrupt Organization Act ("RICO") Violation

Plaintiffs allege that the Defendants' conduct constituted a RICO, 18 U.S.C. § 1962,

6

violation. H. Voortman, in concert with Voortman, caused the program to be terminated, depriving and defrauding the Plaintiffs of income. The Defendants terminated the program as part of a conspiracy to deprive the Plaintiffs of commissions and to enhance the appearance of Voortman's financial statements for purposes of having a more favorable financial picture to potential buyers of Voortman.

To state a cause of action under RICO, Plaintiffs must allege with particularity (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 249 (7th Cir. 1995); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F.Supp. 1499, 1516 (N.D.Ill. 1990) (*Davis*).

Defendants argue that the RICO claim should be dismissed because the Plaintiffs failed to allege a racketeering offense as enumerated in 18 U.S.C. § 1961(1).

Section 1961(1) identifies criminal conduct that constitutes "racketeering activity". The criminal conduct includes violations of the Hobbs Act, 18 U.S.C. § 1951(1)(B). In the instant case, the Plaintiffs have pled that Defendants' conduct constituted a violation of the Hobbs Act. However, the alleged conduct of the Defendants fails to support the alleged violation of the Hobbs Act. The court examines a complaint as a whole in analyzing a motion to dismiss and need not ignore facts alleged in the complaint that undermine a plaintiff's claim. *See Slaney v. International Amateur Athletic Fed.*, 244 F.3d 580, 597 (7th Cir. 2001).

The Hobbs Act prohibits the interference with commerce by robbery or extortion or attempts or conspiracy to interfere with commerce by robbery or extortion. 18 U.S.C. § 1951(a). As used in the Hobbs Act, robbery is "the unlawful taking or obtaining of personal property from a person or in the presence of another, against his will, by means of actual or threatened force, or

violence, or fear of injury ...." 18 U.S.C. § 1951(b)(1). Extortion under the Hobbs Act means "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2); *United States v. Granados*, 142 F.3d 1016, 1019 (7th Cir. 1998).

The Plaintiffs do not allege a "robbery" in their Amended Complaint, and an inference of such an allegation cannot reasonably be drawn as there are no allegations of the taking of property by actual or threatened force or violence or fear of injury as required by the Hobbs Act. *See* 18 U.S.C. § 1951(b)(1). The Plaintiffs do not allege extortion. However, the Plaintiffs repeatedly pled that the program and the subsequent commissions not received from the termination of the program were taken without the consent of the Plaintiffs and against the Plaintiffs' opposition to the termination of the program. Accordingly, the property was not taken with the Plaintiffs' consent, as required by the Hobbs Act; and the Amended Complaint fails to allege an extortion under the Hobbs Act. Because the Plaintiffs fail to adequately plead a racketeering activity, the RICO claim is dismissed without prejudice.

For the foregoing reasons, the Defendants' Motion to Dismiss is granted in part and denied in part. Counts III and X are dismissed without prejudice. Count XIII is dismissed with prejudice. Defendants' Motion to Strike is denied.

Dated: January 7, 2002

JOHN W. DARRAH
United States District Judge

8