## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 681 | DATE | 10/7/2003 |
| CASE TITLE | Rowell vs. Voortman Cookies Ltd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held. For the reasons stated in the attached memorandum opinion and order, plaintiff's first amended application for preliminary injunction [43-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | OCT - 8 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 46 |
| | Docketing to mail notices. | | | 15 | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 03 OCT -7 PM 4:22 | date mailed notice | | |
| MF | courtroom deputy's initials | FILED FOR DOCKETING 7-03 Date/time received in central Clerk's Office | mailing deputy initials | | |

CATHLEEN M. ROWELL, *et al.*,  )
                              )
    Plaintiffs,          )
                              )  No. 02 C 0681
v.                            )
                              )  Judge John W. Darrah
VOORTMAN COOKIES, LIMITED, a Canadian  )
Corporation; and HARRY VOORTMAN,       )
Individually,                          )
                                       )
    Defendants.           )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and a class of similarly situated individuals, filed a fourteen-count complaint against Defendants, Voortman Cookies, Limited ("Voortman") and Harry Voortman ("H. Voortman"), alleging that the Defendants breached an exclusive distributorship agreement. In August 2002, this Court dismissed Counts III, V, X, XI, and XIV without prejudice and dismissed Count XIII with prejudice. Plaintiffs filed a fourteen-count Second Amended Complaint. In January 2003, this Court dismissed Counts III and X without prejudice and dismissed the new Count XIII with prejudice. Presently before the Court is Plaintiffs' Fifth Amended Application for a Preliminary Injunction (the "Application").[1]

Plaintiffs' Application actually consists of three applications for injunctive relief. In the first application, identified as "Tab A", Plaintiffs seek to enjoin the Defendants from enforcing the agreement between Voortman and all of its consignee/distributors regarding the sales price of

---

[1] A summary of all the operative facts are fully set forth in the Court's previous Memorandum Opinion and Orders and need not be repeated. A brief summary of the pertinent allegations is provided herein.

"exclusive sale territories"; to require Defendants to immediately notify all consignee/distributors "that they are entitled to sell their exclusive territories for any price they desire"; and to direct modifications of the Voortman "Policy Manual" to delete the references to "sales price" of a territory. Plaintiffs contend that a hearing is not required because the pleadings and the doctrine of collateral estoppel establish that Voortman violated the Sherman Act § 1 and imposed illegal restraints on alienation.

The above injunctive relief sought is based on Plaintiffs' claims of antitrust violations and illegal restraints on alienation, Counts VIII and IX of the Second Amended Complaint. In these counts, Plaintiffs allege that Defendants imposed illegal restraints on alienation on the distributors by illegally restricting the amount of the sales price they were permitted to charge for their distributorships by placing a top or cap on the sale of a distributorship irrespective of its market value via a formula in the Policy Manual. The Policy Manual provides, in pertinent part:

> SELLING THE TERRITORY
>
> As an independent businessman the Voortman distributor has the right to sell all or part of his business. <u>In all such cases approval of the sale and final approval of the intended purchaser must be obtained from W. & H. Voortman Limited.</u>
>
> The distributor should remember at all times, particularly at the time of possible sale, that no franchise fee or charge was made by W. & H. Voortman Limited, and therefore, the distributor does not own the territory or the customer in that territory. The distributor does, however, own the exclusive right to sell Voortman products in a designated area. When a distributor sells to another party he transfers this exclusive right.
>
> \* \* \*
>
> Following is the recommended method of determining the true value of a sales territory for the purpose of arriving at a fair and

- reasonable selling price.

    The value of a route is to be determined by the average weekly purchase during the past twelve months. Allow $1.00 for every weekly dollar purchased (at the net distributors cost price) to establish a reasonable selling price for either all or part of the territory. This formula applies to both <u>regular</u> and <u>special</u> merchandise. As one of the conditions, W. & H. Voortman Limited can only approve of the sale if the value of the territory does not exceed the amount based on the above method of determining the route value.

    The only other factors to consider, in addition to the value of the sales territory are: (1) the value of other real assets owned by the distributor and of use to the purchaser at the time of sale;
    (2) allowance for returns from retailers.

Through amendments and modifications to the Policy Manual, the formula has increased to allow a distributor to sell his territory for a price not to exceed five times the weekly purchases of a particular distributor. For example, a $5,000 average weekly order of consigned products and purchases has a value of $25,000.

Plaintiffs allege that the above formula prevented them from selling their territories at the market price and from seeking buyers who would pay that price. The restraints also inhibited the Plaintiffs from securing buyers of their territories because such buyers would object to the sale restraints because such restraints would interfere with the resale of the territories.

Before a preliminary injunction will issue, the party seeking the injunction must demonstrate: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) he has a reasonable likelihood of success on the merits of the underlying claim, (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted, and (5) the injunction

3

will not harm the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000).

As to the Plaintiffs' likelihood of success, the Plaintiffs primarily rely on the doctrine of collateral estoppel. Plaintiffs contend that a ruling in the case *Dawson v. W. & H. Voortman, Ltd.*, No. 92 C 8088 (*Dawson*), bars the Defendants from contesting the present Plaintiffs' claims of a violation of the Sherman Antitrust Act and illegal restraint on alienation. Plaintiffs contend that the *Dawson* Memorandum Opinion and Order, which denied Voortman's Motion to Dismiss, made relevant rulings that are binding on this Court in the instant case.

In *Dawson*, that court denied Voortman's Motion to Dismiss as to Dawson's Sherman Antitrust Act and illegal restraint on alienation claims that were based on the Policy Manual in effect at that time. *See Dawson v. W. & H. Voortman, Ltd.*, 864 F. Supp. 77 (N.D. Ill. 1994). Plaintiffs contend that collateral estoppel bars the defendants from relitigating whether Voortman violated the Sherman Antitrust Act and imposed illegal restraints on the present Plaintiffs.

The doctrine of collateral estoppel bars the relitigation of issues. An issue may not be relitigated if: (1) the issue to be precluded is the same issue that was involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom preclusion is invoked was represented in the prior action. *See Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000).

The issue decided in *Dawson* was whether Dawson sufficiently pled a cause of action for a violation of the Sherman Antitrust Act and illegal restraint on alienation. This is highlighted by the Order itself, which states, in pertinent part, "this states a claim under the extremely relaxed federal pleading standards" and "[a]ll other arguments defendant makes go to the factual strength of the count, which are not properly brought on a Rule 12(b)(6) motion".

In the instant case, Plaintiffs seek to have this previous ruling that Dawson adequately pled a claim for a violation of the Sherman Antitrust Act and illegal restraint on alienation result in a finding by this Court that the Policy Manual violates the Sherman Antitrust Act and imposes illegal restraints on alienation. The *Dawson* court did not litigate this issue; it merely litigated whether a claim was stated based on the "extremely relaxed federal pleading standards". Whether Voortman actually violated the Sherman Antitrust Act and illegally restrained alienation was not actually litigated. Accordingly, collateral estoppel does not bar the Defendants from litigating whether the Policy Manual is a violation of the Sherman Antitrust Act or an illegal restraint on alienation.

Plaintiffs also provide two affidavits in support of their application for a preliminary injunction. Scott C. Strange avers that he acquired his exclusive territory in December 1999 and that he could not secure Voortman's approval to sell his exclusive territory unless he sold it for the applicable formula in the Policy Manual. Strange could not sell his territory for more than that prescribed by the formula in the Policy Manual. Prospective purchasers of his territory have indicated their concern of re-selling the territories based on the formula in the Policy Manual.

Plaintiffs also provide the affidavit of Paul D. McKee. McKee avers the same limitation as Strange. However, also attached is a document purporting to show the sale of McKee's territory in March 2002, on the same date that he signed his affidavit. This document, on its face, apparently contradicts McKee's averment that he owns a sales territory. McKee also "repeats and realleges Part II, E. 1-4" of the application. However, there is no Part II, E. 1-4 in the application. Accordingly, McKee's affidavit is afforded little, if any, weight.

The vague averments included in the affidavits fail to demonstrate a likelihood of success

5

on the merits. Furthermore, Plaintiffs have not demonstrated an inadequate legal remedy, *i.e.* the harm claimed by the Plaintiffs, a reduced sales price for exclusive sales territories, is not adequately compensable by an award of money damages.

Plaintiffs have also failed to demonstrate any irreparable harm they will suffer absent the issuance of a preliminary injunction. Other than a conclusory statement that they will suffer irreparable harm if injunctive relief is not granted, Plaintiffs offer no other support which demonstrates irreparable harm. The affiants do not allege that they are presently seeking to sell their territories and that the Policy Manual is preventing such sale or affecting the price of such a sale. In fact, as stated above, McKee sold his territory over a year ago.

In Plaintiffs' second application, identified as "Tab B", Plaintiffs seek to enjoin Voortman: from selling directly and delivering sugar-free products to Sam's Club/Costco and other purchasing outlets in any exclusive territory of the Plaintiffs; from prohibiting Plaintiffs from selling and delivering sugar free products to Sam's Club/Costco; and from paying Plaintiffs commissions that are less than those shown on the distributor price lists.

The relief sought in the second application is based on an anticipatory breach of contract by Defendants for selling and distributing directly to Sam's Club and Costco. However, these allegations are not included, or even implied, by the Second Amended Complaint and are not part of the pending claims against the Defendants. This deficiency is highlighted in the second application, in which Plaintiffs state these (new) factual allegations and cite, in support, the affidavit of Robert Liebhart. However, Robert Liebhart is not presently a party in this litigation and is not mentioned in the Second Amended Complaint. Plaintiffs cannot properly seek injunctive relief on a claim that is not properly before the court. *See* Fed. R. Civ. P. 7.

6

Assuming argumendo, that the claims set forth in the second application were properly before the Court, Plaintiffs' second application would still fail. Plaintiffs have failed to demonstrate no adequate legal remedy exists for the alleged anticipatory breach of contract and that they would suffer irreparable harm if injunctive relief is not granted.

In the third application for injunctive relief, identified as "Tab C", Plaintiffs seek to enjoin the Defendants from violating the Policy Manual and to prevent Bill Voortman, an individual who is not a party to the present action, from selling Voortman produced cookies to customers in Plaintiffs' territories. In this application, Plaintiffs allege that Bill Voortman, Defendant's brother, in an independent cookie operation, sells Voortman cookies to a third party who then resells the cookies in the Plaintiffs' territories.

As in the second application, the allegations in the third application are not set forth in the Second Amended Complaint before the Court. This is highlighted by the relief sought by the Plaintiffs, which includes enjoining a non-party to this action. Plaintiffs cannot seek injunctive relief on a claim that is not properly before the court.

Furthermore, other than making conclusory statements, Plaintiffs have not demonstrated that no legal remedy exists for the alleged sale of cookies in their territories or that they will suffer irreparable harm if injunctive relief is not granted.

For the foregoing reasons, the Plaintiffs' Fifth Application for Preliminary Injunction is denied.

Dated: October 7, 2003

JOHN W. DARRAH
United States District Judge

7