UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHLEEN M. ROWELL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 02 C 0681 |
| v. ) | |
| ) | Judge John W. Darrah |
| VOORTMAN COOKIES, LIMITED, a Canadian ) | |
| Corporation; and HARRY VOORTMAN, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and a class of similarly situated individuals, filed a fourteen-count complaint against Defendants, Voortman Cookies, Limited and Harry Voortman, alleging that the Defendants breached an exclusive distributorship agreement. In August 2002, this Court dismissed Counts III, V, X, XI, and XIV without prejudice and dismissed Count XIII with prejudice. Plaintiffs filed a fourteen-count Second Amended Complaint. In January 2003, this Court dismissed Counts III and X without prejudice and dismissed the new Count XIII with prejudice. Presently before the Court is Plaintiffs' Motion to Certify Case as a Class Action as to the remaining counts.

The alleged conduct of the parties is set forth in the previous Order and need not be repeated here.

## LEGAL STANDARD

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). As a general matter, the court does not examine the merits of the case. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584,

598 (7th Cir. 1993). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). The party seeking certification bears the burden of establishing that class certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

To receive class certification, a party must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The party must also satisfy at least one of the three provisions under Rule 23(b).

Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates ( *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)), and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Commonality and Typicality

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

2

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar*, 167 F.R.D. at 58.

Rule 23(b)

Plaintiffs seek class certification under Rule 23(b)(1)(A). Rule 23(b)(1)(A) provides that an action may be maintained as a class action if:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class
> . . . .

Fed. R. Civ. P. 23(b)(1)(A).

## ANALYSIS

Plaintiffs seek to certify three different classes. The first proposed class ("Class 1") would be certified as to several state law claims: Count II, a procuring cause claim; Count IV, an

3

interference with prospective economic advantage claim; Count V, a breach of contract claim; Count VI, a breach of implied contract claim; Count VII, a quantum meruit claim; Count XII, a promissory estoppel claim; and Count XI, an intentional infliction of emotional distress claim. The proposed definition of the first class is:

> All United States Voortman distribution route owners who purchased their route after the deep-discount buy-in program was in place, and who still owned their route when the deep-discount buy-in program was effectively terminated.

Defendants argue that Plaintiffs have failed to demonstrate commonality because the proposed class is a nationwide class of state law claims; thus, the variations among the state laws destroy commonality.

"No class action is proper unless all litigants are governed by the same legal rules. Otherwise the class cannot satisfy the commonality . . . requirement[s] of Fed. R. Civ. P. 23(a) . . . ." *In the matter of Bridgestone/Firestone*, 288 F.3d 1012, 1015 (7th Cir. 2002) (*Bridgestone/Firestone*). Accordingly, variations in state law claims, such as negligence, warranty, consumer fraud, breach of fiduciary duty, unjust enrichment or breach of contract, preclude class certification. *See Bridgestone/Firestone*, 288 F.3d at 1015; *Isaacs v. Sprint Corp.*, 261 F.3d 679 (7th Cir. 2001); *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672 (7th Cir. 2001); *In re Phone-Poulenc Rorer, Inc.*, 51 F.3d 1293 (7th Cir. 1995); *Carnegie v. Household Int'l, Inc.*, 220 F.R.D. 542 (N.D. Ill. 2004); *Manglaris v. Bancoklahoma Mort. Corp.*, 2003 WL 22229254 (N.D. Ill. Sept. 26, 2003).

Here, the proposed Class 1 consists of a nationwide class of seven different state law claims. Plaintiffs have demonstrated that common factual issues exist as to all of the claims.

4

However, Plaintiffs have failed to show the absence of variability in the state law claims in order to demonstrate commonality. While Plaintiffs argue that Defendants' argument is confusing Rule 23(a)'s commonality requirement and 23(b)(3)'s requirement that common and typical issues must predominate individual issues, the court's denying certification addressed both commonality under Rule 23(a) and Rule 23(b)(3). *See e.g., Bridgestone/Firestone*, 288 F.3d at 1015; *Manglaris*, 2003 WL 22229254 at *1; *Miller v. General Motors Corp.*, 2003 WL 168626 (N.D. Ill. Jan. 26, 2003). Accordingly, proposed Class 1 cannot be certified as a class.

The second proposed class ("Class 2") would be certified as to Count I, an Illinois Sale Representative Act claim. The proposed definition of the first class is:

> All Illinois Voortman distribution route owners who purchased their route after the deep-discount buy-in program was in place, and who still owned their route when the deep-discount buy-in program was effectively terminated.

Plaintiffs present evidence of at least twenty class members. Defendants argue that the twenty potential class members may not actually be proper plaintiffs under the Illinois Sale Representative Act. Defendants fail to identify any of the twenty potential class members identified by Plaintiffs that would not be a proper plaintiff under the Illinois Sales Representative Act. Instead, they essentially argue questions of fact and law that go to the merits of the claim. A court does not examine the merits of a claim when determining if certification is proper. *See Retired Police*, 7 F.3d at 598. Accordingly, Plaintiffs have demonstrated numerosity.

Plaintiffs have demonstrated that the class members share common questions of law and fact and that the claim arises from the same course of actions by both Plaintiffs and the Defendants. The potential class would be certified as to a single claim of a violation of the

Illinois Sales Representative Act based on the Defendants' terminating the deep-discount buy-in program. The potential class plaintiffs were parties to the same agreements with Defendants, such as policy manuals, modifications, bulletins, and oral representations. The central question of law is whether Defendants violated the Illinois Sales Representative Act. The question refers to the same conduct on the part of Defendants toward members of the class, representing a common nucleus of operative facts that is based on the same legal theory. Accordingly, Plaintiffs have satisfied both the commonality and typicality requirements. *See Keele v.* Wexler, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class. . . .").

Defendants summarily argue that Plaintiffs have failed to demonstrate that they can fairly and adequately protect the interests of the class. However, Plaintiffs allege that they have no interest with respect to the litigation that conflict or are antagonistic to the interest of the class members and that they are experienced in complex litigation. Furthermore, no conflicts between Plaintiffs and the class members have been identified nor has an inadequacy in Plaintiffs' counsel's ability to protect the interests of the class been shown. Accordingly, Plaintiffs have met the requirements under Rule 23(a).

Lastly, as to proposed Class 2, in light of the central question of law and the similarity of facts between the individual class members and the Defendants, the prosecution of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class which could establish incompatible standards of conduct for the Defendants. Accordingly, Plaintiffs have demonstrated certification is proper pursuant to Rule 23(b)(1).

The third proposed class ("Class 3") would be certified as to Count VIII, an anti-trust claim, and Count IX, a restraint on alienation claim. The proposed definition of the first class is:

> All United States Voortman distribution route owners who owned their route on or after January 28, 1998.

Plaintiffs' proposed Class 3 includes a nationwide class of the state law claim of restraint on alienation. As with Plaintiffs' other proposed nationwide class which included state law claims discussed above, Plaintiffs have failed to show the absence of variability in the state law claim in order to demonstrate commonality. Accordingly, proposed Class 3 cannot be certified as a class.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Certify Case as a Class Action is granted in part and denied in part. The motion is denied as to proposed Classes 1 and 3. The motion is granted as to proposed Class 2. The class, as to Count I, is defined as:

> All Illinois Voortman distribution route owners who purchased their route after the deep-discount buy-in program was in place, and who still owned their route when the deep-discount buy-in program was effectively terminated.

Dated: January 19, 2005

JOHN W. DARRAH
United States District Judge