# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATHLEEN M. ROWELL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 02 C 0681 |
| v. | ) |
| | ) Judge John W. Darrah |
| VOORTMAN COOKIES, LIMITED, a Canadian corporation; and HARRY VOORTMAN, Individually, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and a class of similarly situated individuals, filed a fourteen-count Complaint against Defendants, Voortman Cookies, Limited and Harry Voortman, alleging that the Defendants breached an exclusive distributorship agreement. In August 2002, this Court dismissed Counts III, V, X, XI, and XIV without prejudice and dismissed Count XIII with prejudice. Plaintiffs filed a fourteen-count Second Amended Complaint. In January 2003, this Court dismissed Counts III and X without prejudice and dismissed the new Count XIII with prejudice. In November 2004, Plaintiffs moved to certify the case as a class action with three different proposed classes. In January 2005, this Court granted in part and denied in part Plaintiffs' Motion to Certify Case as a Class Action. Plaintiffs' proposed second class ("Class 2"), which included only Illinois Voortman distributors, was certified as to Plaintiffs' Illinois Sale Representative Act claim. The Court denied certification of Plaintiffs' proposed first and third classes ("Class 1" and "Class 3", respectively), holding that the Plaintiffs failed to

demonstrate commonality in light of the proposed nationwide classes, which were state actions with varying state laws. Plaintiffs now move to alter or amend the denial of the class certification of Class 1 and Class 3, proposing such classes be certified as Illinois statewide classes instead of nationwide classes.

## LEGAL STANDARD

Allegations made in support of class certification are considered true. *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). As a general matter, the court does not examine the merits of the case. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). The party seeking certification bears the burden of establishing that class certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

To obtain class certification, a party must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The party must also satisfy at least one of the three provisions under Rule 23(b).

<u>Numerosity</u>

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of

class members so long as a conclusion is apparent from good-faith estimates (*Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)), and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Commonality and Typicality

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar*, 167 F.R.D. at 58.

3

Rule 23(b)

Plaintiffs seek class certification under Rule 23(b)(1)(A). Rule 23(b)(1)(A) provides that an action may be maintained as a class action if:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>     (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class
> . . . .

Fed. R. Civ. P. 23(b)(1)(A).

## ANALYSIS

The amended proposed Class 1 would be certified as to several Illinois state law claims: Count II, a procuring cause claim; Count IV, an interference with prospective economic advantage claim; Count V, a breach of contract claim; Count VI, a breach of implied contract claim; Count VII, a *quantum meruit* claim; Count XI, an intentional infliction of emotional distress claim; and Count XII, a promissory estoppel claim. The amended proposed definition of the first class is:

> All Illinois Voortman distribution route owners who purchased their route after the deep-discount buy-in program was in place, and who still owned their route when the deep-discount buy-in program was effectively terminated.

Citing to the Court's previous finding of commonality and numerosity as to Class 2, Plaintiffs essentially argue that commonality and typicality are also met in proposed Class 1 without actually addressing these requirements.[1] Plaintiffs' proposed Class 1 includes claims for

---

[1] Plaintiffs also failed to adequately address these issues in their original motion for class certification as to this proposed class.

4

promissory estoppel and intentional infliction of emotional distress. Both claims require individual inquiries, resulting in a lack of typicality. Plaintiffs' promissory estoppel claim requires individual inquiries into the reliance by the individual Plaintiffs on a promise to his or her detriment and whether the reliance was reasonable in numerous individual circumstances. *See Miller v. Taylor Insulation Co.*, 39 F.3d 755, 759 (7th Cir. 1994). This level of individual inquiry defeats the typicality requirement under Rule 23(a). *See Diehl v. Twin Disc, Inc.*, 1995 WL 330637 (N.D. Ill. May 30, 1995) (denying class certification on promissory estoppel claims due to lack of typicality); *see also Thompson v. Community Ins. Co.*, 213 F.R.D. 284, 296 n. 8 (S.D. Ohio 2002) ("promissory estoppel [claims] are generally inappropriate for class treatment because of the need to provide individualized evidence of reliance"). Plaintiffs' intentional infliction of emotional distress claim would also require the highly individualized inquiry of whether the Defendants' conduct caused severe emotional distress in numerous individuals. *See McGrath v. Fahey*, 126 Ill. 2d 78 (1988). Accordingly, Plaintiffs have failed to establish the typicality requirement under Rule 23(a) as to the proposed Class 1.

The amended proposed Class 3 would be certified as to Count VIII, an antitrust claim, and Count IX, a restraint on alienation claim. The proposed definition of the first class is:

> All Illinois Voortman distribution route owners who owned their route on or after January 28, 1998.

As to proposed Class 3, Plaintiffs present evidence of at least twenty class members. Accordingly, Plaintiffs have demonstrated numerosity.

Plaintiffs have demonstrated that the class members share common questions of law and fact and that the claim arises from the same course of actions by both Plaintiffs and the

Defendants. Plaintiffs' claims of antitrust violations and illegal restraints on alienation allege that Voortman's termination of the program materially depreciated the Plaintiffs' ability to sell their particular territories at fair market value. Through the formula within the Policy Manual regarding the determination of the value of a territory, Voortman restricted and restrained the price for which a distributor could sell his territory even though the Policy Manual also stated that each distributor was an independent businessman that had the right to sell his territory. The restriction and restraint had a severe effect on competition in the relevant market. The potential class plaintiffs were parties to the same agreements with Defendants. The central question of law is whether Defendants restricted and restrained the potential class plaintiffs' rights to sell their territories at a certain price. The question refers to the same conduct on the part of Defendants toward members of the class, representing a common nucleus of operative facts that is based on the same legal theory. Accordingly, Plaintiffs have satisfied both the commonality and typicality requirements. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class. . . .").

No conflicts between Plaintiffs and the class members have been identified nor has an inadequacy in Plaintiffs' counsel's ability to protect the interests of the class been shown. Accordingly, Plaintiffs have met the requirements under Rule 23(a).

Lastly, as to proposed Class 3, in light of the central question of law and the similarity of facts between the individual class members and the Defendants, the prosecution of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class which could establish incompatible

standards of conduct for the Defendants. Accordingly, Plaintiffs have demonstrated certification is proper pursuant to Rule 23(b)(1).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Alter or Amend the Denial of the Motion to Certify as Class Action as to Classes One and Three is granted in part and denied in part. The motion is denied as to proposed Class 1. The motion is granted as to proposed Class 3. The class, as to Counts VIII and IX, is defined as:

> All Illinois Voortman distribution route owners who owned their route on or after January 28, 1998.

Dated: April 27, 2005

JOHN W. DARRAH
United States District Judge