UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHLEEN M. ROWELL, *et al.*, | ) |
| Plaintiffs, | ) ) ) No. 02 C 0681 |
| v. | ) ) Judge John W. Darrah |
| VOORTMAN COOKIES, LIMITED, a Canadian Corporation; and HARRY VOORTMAN, Individually, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and a class of similarly situated individuals, filed a fourteen-count complaint against Defendants, Voortman Cookies, Ltd. and Harry Voortman, alleging that the Defendants breached an exclusive distributorship agreement. In August 2002, this Court dismissed Counts III, V, X, XI, and XIV without prejudice and dismissed Count XIII with prejudice. Plaintiffs filed a fourteen-count Second Amended Complaint. In January 2003, this Court dismissed Counts III and X without prejudice and dismissed the new Count XIII with prejudice.

On January 19, 2005, this Court certified the following class as to Count I of Plaintiffs' Second Amended Complaint, an Illinois Sales Representative Act claim:

> All Illinois Voortman distribution route owners who purchased their route after the deep-discount buy-in program was in place, and who still owned their route when the deep-discount buy-in program was effectively terminated.

On April 27, 2005, this Court certified the following class as to Counts VIII and IX, antitrust and restraint on alienation claims, respectively: "All Illinois Voortman distribution route owners who

owned their route on or after January 28, 1998."

On March 15, 2005, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint to Add Additional Plaintiffs. Plaintiffs filed their Third Amended Complaint, adding five "non-Illinois" plaintiffs. Defendants moved to dismiss Plaintiffs' Third Amended Complaint. On April 27, 2005, Defendants' motion was withdrawn; and Plaintiffs were given leave to file a Fourth Amended Complaint.

On May 11, 2005, Defendants moved to alter the class certification orders; and a briefing schedule was put into place. On May 25, 2005, Plaintiffs filed their Fourth Amended Complaint. The Fourth Amended Complaint includes the following claims: Count I, violation of the Illinois Sales Representative Act as to the Illinois plaintiffs; Count II, procuring cause as to all plaintiffs; Count III, previously dismissed; Count IV, interference with prospective economic advantage as to all plaintiffs; Count V, future lost profits/breach of contract as to all plaintiffs; Count VI, breach of contract as to all plaintiffs; Count VII, *quantum meruit* as to all plaintiffs; Count VIII, antitrust violations as to all plaintiffs; Count IX, restraint on alienation as to all plaintiffs; Count X, previously dismissed; Count XI, intentional infliction of emotional distress; Count XII, promissory estoppel as to all plaintiffs; and Counts XIII and XIV, both previously dismissed. Defendants have now moved to strike and dismiss the Fourth Amended Complaint or for a more definite statement. Presently pending before the Court is Defendants' Motion to Strike and Dismiss Plaintiffs' Fourth Amended Complaint or For a More Definite Statement and Defendants' Motion to Alter Class Certification Orders.

A summary of all the operative facts are fully set forth in the Court's previous Memorandum Opinion and Orders and need not be repeated.

## *Motion to Strike and Dismiss or For a More Definite Statement*

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7 th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

Defendants argue that Plaintiffs' Illinois Sales Representative Act ("ISRA") claim should be dismissed because the Plaintiffs are not sales representatives under the ISRA.

The ISRA provides for exemplary damages not to exceed three times the amount of damages found to be owed to a "sales representative" from a "principal." 820 ILCS 120/3. A "sales representative" is defined, in pertinent part, as "a person who contracts with a principal to

3

solicit orders and who is compensated, in whole or in part, by commission, but shall not include one who places orders or purchases for his own account for resale . . . ." 820 ILCS 120/1(4).

Plaintiffs' Fourth Amended Complaint and the referenced policy manual allege that the Plaintiffs place orders and purchase cookies for their own account and then resell the cookies; thus, they would not be "sales representatives" under the ISRA. However, Plaintiffs specifically allege that they are sales representatives under the ISRA. At this stage of the litigation, drawing all reasonable inferences in a light most favorable to the Plaintiffs, it cannot be concluded that it is impossible to hypothesize facts, consistent with the complaint, that would not make out a claim. At this time, whether the Plaintiffs are "sales representatives" under the ISRA is a question of fact not properly addressed in a motion to dismiss.

Defendants argue that the non-Illinois Plaintiffs' claims should be dismissed because the Plaintiffs fail to satisfy the joinder requirements of Federal Rule of Civil Procedure 20.

Plaintiffs added four non-Illinois plaintiffs in its Fourth Amended Complaint. Three of the non-Illinois plaintiffs were, at all relevant times residents, of Florida; and one was a resident of Wisconsin. Plaintiffs allege the same conduct on behalf of the Defendants as to the non-Illinois Plaintiffs, except that the alleged conduct took place outside of Illinois.

Federal Rule of Civil Procedure 20(a) imposes two requirements for proper joinder: (1) the right to relief must be asserted by each plaintiff or defendant and must arise out of the same transaction, occurrence or series of transactions and (2) some question of law or fact common to all the parties must arise in the action. *See Intercon Research Assoc. Ltd. v. Dresser Indus.*, 696 F.2d 53, 56 (1982) (*Intercon*). Whether to allow joinder is at the court's discretion; and several policies – including promotion of efficiency, convenience, consistency, and

fundamental fairness – should be considered. *See Intercon*, 696 F.2d at 57-58; *Cole v. Litscher*, 2004 WL 602660 (March 15, 2004). Although Rule 20(a) only requires a single basis of commonality, in either law or fact, for joinder to be allowed, does not necessarily address the question whether joinder is appropriate in light of the policy considerations that are also to be taken into account. Thus, the substantive law of the claims need to be referenced to determine whether joinder is appropriate. *See Dougherty v. Mieczkowski*, 661 F. Supp. 267, 278 (D. Del. 1987).

Here, the allegations of the non-Illinois Plaintiffs arise out of the same transaction, occurrence or series of transactions as the original (Illinois) Plaintiffs, and questions of fact are common to all the parties. However, the additional four non-Illinois Plaintiffs allege common law claims and conduct which occurred outside of Illinois, presumably in the states of Florida and Wisconsin. The joinder of these plaintiffs, as to the common law state claims, does not promote efficiency or convenience, *e.g.*, the jury instructions for the eight common law state claims could consist of multiple different instructions. Accordingly, joinder is not appropriate, and the non-Illinois Plaintiffs are dismissed from the state common law claims.

Defendants also argue that a more definite statement is required because the allegations are "generally rambling, conclusory and vague." Defendants contend that Plaintiffs are required to plead the elements of each cause of action.

As stated above, a plaintiff is not required to plead the facts or the elements of a claim. *See Swierkiewicz*, 534 U.S. at 511. Furthermore, Plaintiffs' allegations sufficiently place Defendants on notice of the claims against them. Accordingly, Defendants' Motion for a More Definite Statement is denied.

## Motion to Alter Class Certification Orders

Defendants argue that the Court improperly certified the classes pursuant to Federal Rule of Civil Procedure 23(b)(1); therefore, the Orders should be vacated or altered based on the Court's considering whether the classes are certifiable pursuant to Rule 23(b)(3).

An order certifying a class may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1)(C). Defendants contend that the Court improperly found the proposed classes could be maintained pursuant to Rule 23(b)(1)(A) and that Plaintiffs do not satisfy the alternate requirements of Rule 23(b)(3).

Class certification pursuant to Rule 23(b)(1)(A) is questionable when only money damages are sought. *See Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 n. 10 (9th Cir. 1976) ("Infrequently, if ever will [Rule 23(b)(1)(A) be satisfied] when the action is for money damages."); *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 n. 10 (9th Cir. 1973) ("Whether an action for money damages can ever fall within Rule 23(b)(1)(A) has been the subject of much comment."); *see also Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 897 (7th Cir. 1999). However, certification of the instant classes remains proper under Rule 23(b)(3).

Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Defendants' arguments against certification pursuant to Rule 23(b)(3) were included in their argument against a finding of commonality and typicality. As discussed in the Court's previous Orders, Plaintiffs have alleged that the Defendants engaged in a course of conduct that

6

has created a common nucleus of facts for the class. While some individualized questions exist, they do not prevent class certification. *See Ludwig v. Pilkington North Am., Inc.*, 2003 WL 22478842 (N.D. Ill. Nov. 4, 2003) (common question predominated over individualized questions). Furthermore, in light of the common questions of law and fact, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

For the foregoing reasons, Defendants' Motion to Dismiss and Strike Plaintiffs' Fourth Amended Complaint or For a More Definite Statement is granted in part and denied in part. The non-Illinois Plaintiffs are dismissed from Plaintiff's state common law claims. Defendants' Motion to Alter Class Certification Orders is granted. The class certification Orders are amended to reflect that the classes are certified pursuant to Rule 23(b)(3).

Dated: 9-14-05

JOHN W. DARRAH
United States District Judge